MICHELLE UZETA (State Bar No. 164402)
muzeta@hrc-la.org
DANNY YOO (State Bar No. 251574)
HOUSING RIGHTS CENTER
520 S. Virgil Ave., Suite 400
Los Angeles, CA 90020
TEL: (213) 387-8400 ex. 34
FAX: (213) 381-8555
Attorney for Plaintiffs

IN THE UNITED STATES DISTRICT COURT

CENTRAL DISTRICT OF CALIFORNIA

MARIANA ESCOBAR, an individual; and DANNY CHACON, an individual;

Plaintiffs,

vs.

MASON DALE WILLIAMS, an individual; WILLIAMS FAMILY TRUST; and JULIE WILLAMS, as Trustee of the WILLIAMS FAMILY TRUST;

Defendants.

Case No. CV10-9273 (SSx) AHM

COMPLAINT FOR DECLARATORY AND INJUNCTIVE RELIEF AND DAMAGES FOR VIOLATIONS OF:
1. The Fair Housing Amendments Act of 1988, 42 U.S.C. §§ 3601 et seq.;
2. California Fair Employment and Housing Act, Cal. Gov't Code § 12955, et seq.;
3. California Unruh Civil Rights Act Cal. Gov't Code § 51 et seq.; and
4. Negligence

JURY TRIAL DEMANDED

## I. INTRODUCTION

1. This is an action for declaratory and injunctive relief and damages against MASON DALE WILLIAMS, an individual; the WILLIAMS FAMILY TRUST; and JULIE WILLAMS, as Trustee of the WILLIAMS FAMILY TRUST (collectively "Defendants"), for discrimination based on familial status in connection with the rental of housing. Defendants have engaged in a pattern or practice of conduct with the

COMPLAINT

purpose and the effect of discriminating against families with minor children by, among other things, refusing to rent to families with children, steering, making statements of preference disfavoring households with children and utilizing overly restrictive occupancy limits. This action arises under the Fair Housing Act of 1968, as amended, 42 U.S.C. § 3601, et seq., and related state laws.

## II. JURISDICTION AND VENUE

2. The jurisdiction of this Court over the subject matter of this action is predicated on 28 U.S.C. § 1331 in that the claims alleged herein arise under the laws of the United States, specifically the federal Fair Housing Act, 42 U.S.C. §§ 3601-3619 ("FHA"). The state law claims form the same case and controversy as the federal law claims. Thus, this Court has supplemental jurisdiction pursuant to 28 U.S.C. § 1367 to hear and determine Plaintiffs' state law claims.

3. All Defendants reside in this district and all events giving rise to this complaint occurred in this district. Thus venue is proper in the Central District of California under 28 U.S.C. § 1391(b)(2).

4. This Court has authority to grant declaratory and injunctive relief as well as actual and punitive damages pursuant to 42 U.S.C. § 3612(o)(3), and 42 U.S.C. § 3613(c)(1). The Court also has the authority to award Plaintiffs their reasonable attorneys' fees and costs pursuant to 42 U.S.C. § 3613(c)(2).

## III. PARTIES

5. At all times mentioned and relevant herein, Plaintiff MARIANA ESCOBAR ("Ms. Escobar") was and is a resident of the County of Los Angeles.

6. At all times mentioned and relevant herein, Plaintiff Danny Chacon ("Mr. Chacon") was and is a resident of the County of Los Angeles.

7. Ms. Escobar and Mr. Chacon are parents to, and reside with a two minor children, aged 5 years and 6 months.

8. Upon information and belief, and at all times mentioned and relevant herein, Defendant Williams Family Trust has held title to and owned the 28-unit

residential rental apartment complex located at 7825 W. Manchester Avenue, in the City of Playa Del Rey, County of Los Angeles, California 90293 ("Subject Property").

9. Upon information and belief, and at all times mentioned and relevant herein, Defendant Julie Williams has been trustee of the Williams Family Trust, and is sued herein in that capacity.

10. Upon information and belief, and at all times mentioned and relevant herein, Defendant Mason D. Williams ("Mr. Williams") was and is the on-site manager of the Subject Property. At all times mentioned and relevant herein, Mr. Williams was and is a resident of the County of Los Angeles.

11. Plaintiffs are informed and believe that each Defendant was the agent, employee, partner, co-conspirator, or other authorized representative of the other, and in committing the acts and omissions alleged hereinafter, were acting within the scope of their agency, employment, partnership, conspiracy, or other authorized representation. Whenever and wherever reference is made in this Complaint to any acts of Defendants, such allegations and reference shall also be deemed to mean the acts of each Defendant acting individually, jointly or severally.

## IV. FACTUAL ALLEGATIONS

### A. Introduction

12. The Subject Property is a dwelling within the meaning of 42 U.S.C. § 3602(b).

13. Defendants, acting individually or in concert, directly or through agents, have engaged in a pattern or practice of discrimination against families with children in the operation of the Subject Property. Defendants continue to engage in such a pattern or practice of discrimination so as to constitute a continuing violation.

14. Defendants' unlawful conduct includes, but is not limited to, commission of the following discriminatory housing practices:

    a. Refusing to rent second story units to households with children;

    b. Steering families with children to certain units/properties;

COMPLAINT

c. Making, printing, or publishing, or causing to be made, printed, or published any notice, statement, or advertisement, with respect to the sale or rental of a dwelling that indicates any preference, limitation, or discrimination based on familial status, or an intention to make any such preference, limitation, or discrimination;
d. Making inquiries concerning the familial status of prospective tenants;
e. Otherwise making unavailable or denying a dwelling to any person because of familial status.

15. In the alternative, Defendants have negligently failed to hire, train, supervise and discipline their agents and employees, and themselves, in order to conform the operation of the Subject Property to the standard of care for the industry.

16. Upon information and belief, Defendants continue to engage in rental practices that discriminate against, and provide differential treatment to children and families with children, so as to constitute a continuing violation.

**B. Facts Upon Which All Claims Are Based**

17. On or about September 2, 2010, Ms. Escobar found a rental advertisement for a 2 bedroom, upper story unit at a rental complex located at 7825 W. Manchester Ave., in Los Angeles (the Subject Property). The advertisement stated in pertinent part "Quiet Professional Building" and listed "Mason" as the contact agent. Upon information and belief, Mason is Defendant Mason D. Williams.

18. That same day, Ms. Escobar's boyfriend Mr. Chacon contacted Mr. Williams regarding the available unit. Mr. Williams asked Mr. Chacon if there were any children in his household. After Mr. Chacon confirmed that there were two young children in his household, Mr. Williams informed him that "the owner does not want to rent a 2nd floor unit to families with children, because it would not be fair to tenants living on the first floor", or words to that effect. Mr. Chacon was not permitted to continue in the rental process.

19. In light of Mr. Chacon's experience, Ms. Escobar contacted the Housing Rights Center (HRC) on September 2, 2010 to lodge a discrimination complaint. HRC is a non-profit fair housing organization that investigates allegations of housing discrimination.

20. On September 3, 2010, HRC staff called Mr. Williams to determine whether the 2-bedroom unit at the Subject Property was still available. Mr. Williams did not pick up the phone, but a voicemail message stated in pertinent part "we currently have a large 2 bedroom apartment, 2 bath, corner upstairs unit. If you are one or 2 people, good credit and quiet, please leave a name and we will get back to you."

21. On September 4, 2010, HRC staff coordinated a telephone test at the Subject Property. A trained volunteer tester posing as a married woman seeking to rent the available 2-bedroom unit for herself, her husband and their two young children spoke to Mr. Williams. Mr. Williams informed the tester that the unit "would not be appropriate for children because it is upstairs and would not be fair to the tenants below", or words to that effect. Mr. Williams stated that he had units available in El Segundo and Torrance and attempted to steer the tester there.

22. A second trained volunteer tester, posing as a married woman seeking to rent the available 2-bedroom unit for herself, her husband and her in-laws also spoke to Mr. Williams. This tester was similarly turned away by Mr. Williams, but because of the number of persons in her household. Mr. Williams told the tester that "they were looking to rent to one or two people only", because they wanted to keep utility costs low.

### V. INJURY

23. As a result of the Defendants' above-described actions, Plaintiffs have suffered, are continuing to suffer, and will in the future suffer, irreparable loss and injury, including, but not limited to loss of housing opportunity, invasion of the

private right of occupancy, violation of civil rights, and bodily injury including emotional distress, humiliation, embarrassment, and other special and general damages according to proof.

24. The unlawful practices of the Defendants as described above were and are wanton, willful, malicious, fraudulent, and/or oppressive; were intended to cause injury; and/or were done in conscious, callous, reckless, or deliberate disregard for the federally protected rights of Plaintiffs. Accordingly, Plaintiffs are entitled to punitive damages.

25. An actual case or controversy exists between the parties regarding Defendants' duties under federal and state fair housing laws. Accordingly, Plaintiffs are entitled to declaratory relief.

26. Unless enjoined, Defendants will continue to engage in the unlawful acts and the pattern or practice of discrimination described above. Plaintiffs have no adequate remedy at law. Accordingly, Plaintiffs are entitled to injunctive relief.

## VI. CLAIMS FOR RELIEF

### *First Claim - Fair Housing Amendments Act*

27. Plaintiffs incorporate by reference each and every allegation contained in paragraphs 1 through 26 above.

28. Defendants, by and through a pattern or practice of purposeful discrimination on the basis of familial status, have violated the federal Fair Housing Act, 42 U.S.C. §§ 3601, et seq. ("FHAA"), in that Defendants have injured Plaintiffs by engaging in the following discriminatory housing practices:

   a. Refusing to rent to individuals with children in violation of 42 U.S.C. § 3604(a);

   b. Steering individuals with children to certain units or properties in violation of 42 U.S.C. § 3604(a);

  c. Implementing an overly-restrictive occupancy limit policy that has an disparate impact on families with children in violation of 42 U.S.C. § 3604(a);

  c. Otherwise making accommodations unavailable to individuals with children in violation of 42 U.S.C. §3604(a);

  a. Making, printing, or publishing, or causing to be made, printed, or published any notice, statement, or advertisement, with respect to the rental of a dwelling that indicates any preference, limitation, or discrimination based on familial status, or an intention to make any such preference, limitation, or discrimination in violation of 42 U.S.C. § 3604(c);

  b. Representing to a person, because of his or her familial status, that a dwelling is not available for inspection, sale, or rental when such dwelling is in fact so available in violation of 42 U.S.C. § 3604(d).

29. As a direct and proximate result of the acts and omissions herein alleged, Plaintiffs have suffered, and continue to suffer injury.

30. Pursuant to 42 U.S.C. §3613(c)(1) and (2), Defendants are liable to Plaintiffs for compensatory damages, punitive damages, injunctive relief, and attorneys' fees and costs.

### *Second Claim – California Fair Employment and Housing Act*

31. Plaintiffs incorporate by reference each and every allegation contained in paragraphs 1 through 30 above.

32. Defendants, by and through a pattern or practice of discrimination on the basis of familial status, violated the California Fair Employment and Housing Act, Cal. Gov't Code § 12955 et seq., ("FEHA"), by engaging in the following discriminatory housing practices:

  a. Refusing to rent to individuals with children in violation of Cal. Gov't Code § 12955(a);

b. Steering individuals with children to certain units or properties in violation of Cal. Gov't Code § 12955(a);

c. Implementing an overly-restrictive occupancy limit policy that has an disparate impact on families with children in violation of Cal. Gov't Code § 12955(a);

d. Making or to causing to be made any written or oral inquiry concerning the familial status, or disability of any person seeking to purchase, rent or lease any housing accommodation in violation of Cal. Gov't Code § 12955(b);

e. Making, printing or publishing, or causing to be made, printed or published any notice, statement, or advertisement with respect to the rental of a housing accommodation that indicates preference, limitation, or discrimination based on familial status, or an intention to make that preference, limitation, or discrimination, in violation of Cal. Gov't Code § 12955(c);

f. Aiding, abetting, inciting, compelling, or coercing the doing of any of the unlawful acts or practices, or attempted to do so, in violation of Cal. Gov't Code § 12955(g);

g. Otherwise making unavailable or denying a dwelling based on discrimination because of familial status, in violation of Cal. Gov't Code § 12955 (k); and

h. Implementing and enforcing a policy or practice that has a discriminatory effect on families with children in violation of Cal. Gov't Code § 12955.8.

33. As a direct and proximate result of the aforementioned acts, Plaintiffs have suffered, and continue to suffer injury.

34. Pursuant to Cal. Gov't Code § 12989.2, Plaintiffs are entitled to injunctive relief, compensatory damages, punitive damages, attorneys' fees and costs.

COMPLAINT

### *Third Claim - Unruh Civil Rights Act*

35. Plaintiffs incorporate by reference each and every allegation contained in paragraphs 1 through 34 above.

36. Defendants, by and through a pattern or practice of discrimination on the basis of familial status, violated the Unruh Civil Rights Act, Cal. Civ. Code §51 et seq. ("Unruh Act").

37. Pursuant to California Civil Code § 52(a), Defendants are liable to Plaintiffs for up to a maximum of three times the amount of actual damage but in no case less than $4,000 for every violation of the Unruh Act, as well as injunctive relief and attorneys' fees and costs.

### *Fourth Claim - Negligence*

38. Plaintiffs incorporate by reference each and every allegation contained in paragraphs 1 through 34 above.

39. Defendants owed, and continue to owe Plaintiffs a duty to operate the Subject Property in a manner that is free from unlawful discrimination and to employ, train, and supervise their directors, employees, agents, and themselves to fulfill that duty. Defendants breached that duty by engaging in a pattern and practice of discrimination on the basis of familial status as herein alleged.

40. Defendants' negligence includes but is not limited to:
   a. Defendants' negligent failure to supervise themselves regarding compliance with the requirements of federal and state fair housing laws; and
   b. Defendants' negligent failure to operate the Subject Property in conformity with accepted industry custom and standards.

41. As a result of Defendants' negligence, Plaintiffs have suffered, and continue to suffer injury.

## VII. PRAYER FOR RELIEF

Plaintiffs pray this Court enter judgment as follows:

1. Declare that the discriminatory practices of the Defendants as set forth above, violate the Fair Housing Act, as amended, 42 U.S.C. § 3601, et seq., the California Fair Employment and Housing Act, Cal. Gov't Code § 12955, et seq., and the California Unruh Civil Rights Act, Cal. Civ. Code 51, et seq.

2. Enjoin Defendants from discriminating on the basis of familial status.

3. For injunctive relief enjoining Defendants from discriminating against prospective renters and in-place tenants on the basis of familial status.

4. Order Defendants to engage in comprehensive fair housing training.

5. Order Defendants to submit to monitoring of their practices and records in order to ensure compliance with the fair housing laws.

6. Award compensatory damages to Plaintiffs.

7. Award punitive damages to Plaintiffs.

8. Award any other such damages as may be allowed under federal and state law.

9. Award Plaintiffs their reasonable attorneys' fees and costs.

10. Additional and further relief which the Court deems just and proper.

## VIII. JURY DEMAND

Pursuant to Federal Rule of Civil Procedure 38(b), Plaintiffs hereby demand a trial by jury as to all issues.

Dated: December 01, 2010            Respectfully Submitted,

*Michelle Uzeta*
MICHELLE UZETA
Attorney for Plaintiffs

# UNITED STATES DISTRICT COURT
# CENTRAL DISTRICT OF CALIFORNIA

NOTICE OF ASSIGNMENT TO UNITED STATES MAGISTRATE JUDGE FOR DISCOVERY

This case has been assigned to District Judge A. Howard Matz and the assigned discovery Magistrate Judge is Suzanne H. Segal.

The case number on all documents filed with the Court should read as follows:

**CV10- 9273 AHM (SSx)**

Pursuant to General Order 05-07 of the United States District Court for the Central District of California, the Magistrate Judge has been designated to hear discovery related motions.

All discovery related motions should be noticed on the calendar of the Magistrate Judge

---

**NOTICE TO COUNSEL**

*A copy of this notice must be served with the summons and complaint on all defendants (if a removal action is filed, a copy of this notice must be served on all plaintiffs).*

Subsequent documents must be filed at the following location:

| | | |
|---|---|---|
| [X] Western Division<br>312 N. Spring St., Rm. G-8<br>Los Angeles, CA 90012 | [ ] Southern Division<br>411 West Fourth St., Rm. 1-053<br>Santa Ana, CA 92701-4516 | [ ] Eastern Division<br>3470 Twelfth St., Rm. 134<br>Riverside, CA 92501 |

Failure to file at the proper location will result in your documents being returned to you.

---

MICHELLE UZETA (SBN: 164402)
DANNY Y. YOO (SBN:251574)
muzeta@hrc-la.org
SO. CALIFORNIA HOUSING RIGHTS CENTER
520 S. Virgil Ave., Suite 400, Los Angeles, CA 90020
T: (213)387-8400; Fax: (213) 381-8555

# UNITED STATES DISTRICT COURT
# CENTRAL DISTRICT OF CALIFORNIA

| MARIANA ESCOBAR, an individual; and DANNY CHACON, an individual; PLAINTIFF(S) v. MASON DALE WILLIAMS, an individual; WILLIAMS FAMILY TRUST; (See Attachment) DEFENDANT(S). | CASE NUMBER **CV10-9273** Attm (SSx) SUMMONS |
|---|---|

TO: DEFENDANT(S): _____

A lawsuit has been filed against you.

Within __21__ days after service of this summons on you (not counting the day you received it), you must serve on the plaintiff an answer to the attached ☑ complaint ☐ _____ amended complaint ☐ counterclaim ☐ cross-claim or a motion under Rule 12 of the Federal Rules of Civil Procedure. The answer or motion must be served on the plaintiff's attorney, __MICHELLE UZETA__, whose address is __520 S. Virgil Ave., Suite 400, Los Angeles, CA 90020__. If you fail to do so, judgment by default will be entered against you for the relief demanded in the complaint. You also must file your answer or motion with the court.

Clerk, U.S. District Court

Dated: __12-2-10__     By: **TANYA DURANT**
                            Deputy Clerk

*(Seal of the Court)*

*[Use 60 days if the defendant is the United States or a United States agency, or is an officer or employee of the United States. Allowed 60 days by Rule 12(a)(3)].*

CV-01A (12/07)                    SUMMONS

## **ATTACHMENT A**

DEFENDANTS CONT.,

and JULIE WILLAMS, as Trustee of the WILLIAMS FAMILY TRUST;

MICHELLE UZETA (SBN: 164402)
DANNY Y. YOO (SBN:251574)
muzeta@hrc-la.org
SO. CALIFORNIA HOUSING RIGHTS CENTER
520 S. Virgil Ave., Suite 400, Los Angeles, CA 90020
T: (213)387-8400; Fax: (213) 381-8555

# UNITED STATES DISTRICT COURT
# CENTRAL DISTRICT OF CALIFORNIA

MARIANA ESCOBAR, an individual; and DANNY CHACON, an individual;

PLAINTIFF(S)

v.

MASON DALE WILLIAMS, an individual; WILLIAMS FAMILY TRUST; (See Attachment)

DEFENDANT(S).

CASE NUMBER

**CV10-9273** DDP (JCGx)

**SUMMONS**

TO: DEFENDANT(S): _____

A lawsuit has been filed against you.

Within __21__ days after service of this summons on you (not counting the day you received it), you must serve on the plaintiff an answer to the attached ☑ complaint ☐ _____ amended complaint ☐ counterclaim ☐ cross-claim or a motion under Rule 12 of the Federal Rules of Civil Procedure. The answer or motion must be served on the plaintiff's attorney, __MICHELLE UZETA__, whose address is __520 S. Virgil Ave., Suite 400, Los Angeles, CA 90020__. If you fail to do so, judgment by default will be entered against you for the relief demanded in the complaint. You also must file your answer or motion with the court.

Clerk, U.S. District Court

Dated: __12-2-10__  By: **TANYA DURANT**
Deputy Clerk

*(Seal of the Court)*  1188

*[Use 60 days if the defendant is the United States or a United States agency, or is an officer or employee of the United States. Allowed 60 days by Rule 12(a)(3)].*

---

CV-01A (12/07)  SUMMONS

# **ATTACHMENT A**

DEFENDANTS CONT.,

and JULIE WILLAMS, as Trustee of the WILLIAMS FAMILY TRUST;

# UNITED STATES DISTRICT COURT, CENTRAL DISTRICT OF CALIFORNIA
## CIVIL COVER SHEET

| I (a) PLAINTIFFS (Check box if you are representing yourself ☐) | DEFENDANTS |
|---|---|
| MARIANA ESCOBAR, an individual; and DANNY CHACON, an individual; | MASON DALE WILLIAMS, an individual; WILLIAMS FAMILY TRUST; and JULIE WILLAMS, as Trustee of the WILLIAMS FAMILY TRUST; |

| (b) Attorneys (Firm Name, Address and Telephone Number. If you are representing yourself, provide same.) | Attorneys (If Known) |
|---|---|
| MICHELLE UZETA, SO. CAL. HOUSING RIGHTS CENTER<br>520 S. Virgil Avenue, Suite 400, Los Angeles, CA 90020<br>213-387-8400 | |

**II. BASIS OF JURISDICTION** (Place an X in one box only.)

☐ 1 U.S. Government Plaintiff   ☒ 3 Federal Question (U.S. Government Not a Party)

☐ 2 U.S. Government Defendant   ☐ 4 Diversity (Indicate Citizenship of Parties in Item III)

**III. CITIZENSHIP OF PRINCIPAL PARTIES** - For Diversity Cases Only
(Place an X in one box for plaintiff and one for defendant.)

| | PTF | DEF | | PTF | DEF |
|---|---|---|---|---|---|
| Citizen of This State | ☐1 | ☐1 | Incorporated or Principal Place of Business in this State | ☐4 | ☐4 |
| Citizen of Another State | ☐2 | ☐2 | Incorporated and Principal Place of Business in Another State | ☐5 | ☐5 |
| Citizen or Subject of a Foreign Country | ☐3 | ☐3 | Foreign Nation | ☐6 | ☐6 |

**IV. ORIGIN** (Place an X in one box only.)

☒ 1 Original Proceeding  ☐ 2 Removed from State Court  ☐ 3 Remanded from Appellate Court  ☐ 4 Reinstated or Reopened  ☐ 5 Transferred from another district (specify):  ☐ 6 Multi-District Litigation  ☐ 7 Appeal to District Judge from Magistrate Judge

**V. REQUESTED IN COMPLAINT: JURY DEMAND:** ☒ Yes ☐ No (Check 'Yes' only if demanded in complaint.)
**CLASS ACTION under F.R.C.P. 23:** ☐ Yes ☒ No   ☐ **MONEY DEMANDED IN COMPLAINT:** $ _____

**VI. CAUSE OF ACTION** (Cite the U.S. Civil Statute under which you are filing and write a brief statement of cause. Do not cite jurisdictional statutes unless diversity.)
This action seeks relief against defendant based on their unlawful discrimination based on familial status. 42 U.S.C. Section 3601, et seq.

**VII. NATURE OF SUIT** (Place an X in one box only.)

| OTHER STATUTES | CONTRACT | TORTS PERSONAL INJURY | TORTS PERSONAL PROPERTY | PRISONER PETITIONS | LABOR |
|---|---|---|---|---|---|
| ☐ 400 State Reapportionment | ☐ 110 Insurance | ☐ 310 Airplane | ☐ 370 Other Fraud | ☐ 510 Motions to Vacate Sentence Habeas Corpus | ☐ 710 Fair Labor Standards Act |
| ☐ 410 Antitrust | ☐ 120 Marine | ☐ 315 Airplane Product Liability | ☐ 371 Truth in Lending | | ☐ 720 Labor/Mgmt. Relations |
| ☐ 430 Banks and Banking | ☐ 130 Miller Act | ☐ 320 Assault, Libel & Slander | ☐ 380 Other Personal Property Damage | ☐ 530 General | ☐ 730 Labor/Mgmt. Reporting & Disclosure Act |
| ☐ 450 Commerce/ICC Rates/etc. | ☐ 140 Negotiable Instrument | | | ☐ 535 Death Penalty | |
| ☐ 460 Deportation | ☐ 150 Recovery of Overpayment & Enforcement of Judgment | ☐ 330 Fed. Employers' Liability | ☐ 385 Property Damage Product Liability | ☐ 540 Mandamus/ Other | |
| ☐ 470 Racketeer Influenced and Corrupt Organizations | | ☐ 340 Marine | BANKRUPTCY | ☐ 550 Civil Rights | ☐ 740 Railway Labor Act |
| | ☐ 151 Medicare Act | ☐ 345 Marine Product Liability | ☐ 422 Appeal 28 USC 158 | ☐ 555 Prison Condition | ☐ 790 Other Labor Litigation |
| ☐ 480 Consumer Credit | ☐ 152 Recovery of Defaulted Student Loan (Excl. Veterans) | ☐ 350 Motor Vehicle | ☐ 423 Withdrawal 28 USC 157 | FORFEITURE / PENALTY | ☐ 791 Empl. Ret. Inc. Security Act |
| ☐ 490 Cable/Sat TV | | ☐ 355 Motor Vehicle Product Liability | | ☐ 610 Agriculture | PROPERTY RIGHTS |
| ☐ 810 Selective Service | | | CIVIL RIGHTS | ☐ 620 Other Food & Drug | ☐ 820 Copyrights |
| ☐ 850 Securities/Commodities/ Exchange | ☐ 153 Recovery of Overpayment of Veteran's Benefits | ☐ 360 Other Personal Injury | ☐ 441 Voting | | ☐ 830 Patent |
| ☐ 875 Customer Challenge 12 USC 3410 | ☐ 160 Stockholders' Suits | ☐ 362 Personal Injury- Med Malpractice | ☐ 442 Employment | ☐ 625 Drug Related Seizure of Property 21 USC 881 | ☐ 840 Trademark |
| ☐ 890 Other Statutory Actions | ☐ 190 Other Contract | | ☒ 443 Housing/Accommodations | | SOCIAL SECURITY |
| ☐ 891 Agricultural Act | ☐ 195 Contract Product Liability | ☐ 365 Personal Injury- Product Liability | ☐ 444 Welfare | | ☐ 861 HIA (1395ff) |
| ☐ 892 Economic Stabilization Act | ☐ 196 Franchise | ☐ 368 Asbestos Personal Injury Product Liability | ☐ 445 American with Disabilities - Employment | ☐ 630 Liquor Laws | ☐ 862 Black Lung (923) |
| | REAL PROPERTY | | | ☐ 640 R.R. & Truck | ☐ 863 DIWC/DIWW (405(g)) |
| ☐ 893 Environmental Matters | ☐ 210 Land Condemnation | | | ☐ 650 Airline Regs | ☐ 864 SSID Title XVI |
| ☐ 894 Energy Allocation Act | ☐ 220 Foreclosure | IMMIGRATION | ☐ 446 American with Disabilities - Other | ☐ 660 Occupational Safety /Health | ☐ 865 RSI (405(g)) |
| ☐ 895 Freedom of Info. Act | ☐ 230 Rent Lease & Ejectment | ☐ 462 Naturalization Application | | | FEDERAL TAX SUITS |
| ☐ 900 Appeal of Fee Determination Under Equal Access to Justice | ☐ 240 Torts to Land | ☐ 463 Habeas Corpus- Alien Detainee | ☐ 440 Other Civil Rights | ☐ 690 Other | ☐ 870 Taxes (U.S. Plaintiff or Defendant) |
| | ☐ 245 Tort Product Liability | | | | |
| ☐ 950 Constitutionality of State Statutes | ☐ 290 All Other Real Property | ☐ 465 Other Immigration Actions | | | ☐ 871 IRS-Third Party 26 USC 7609 |

FOR OFFICE USE ONLY: Case Number: CV10-9273

AFTER COMPLETING THE FRONT SIDE OF FORM CV-71, COMPLETE THE INFORMATION REQUESTED BELOW.

# UNITED STATES DISTRICT COURT, CENTRAL DISTRICT OF CALIFORNIA
## CIVIL COVER SHEET

**VIII(a). IDENTICAL CASES:** Has this action been previously filed in this court and dismissed, remanded or closed? ☑ No ☐ Yes
If yes, list case number(s): _____

**VIII(b). RELATED CASES:** Have any cases been previously filed in this court that are related to the present case? ☑ No ☐ Yes
If yes, list case number(s): _____

**Civil cases are deemed related if a previously filed case and the present case:**
(Check all boxes that apply)  ☐ A. Arise from the same or closely related transactions, happenings, or events; or
  ☐ B. Call for determination of the same or substantially related or similar questions of law and fact; or
  ☐ C. For other reasons would entail substantial duplication of labor if heard by different judges; or
  ☐ D. Involve the same patent, trademark or copyright, <u>and</u> one of the factors identified above in a, b or c also is present.

**IX. VENUE:** (When completing the following information, use an additional sheet if necessary.)

(a) List the County in this District; California County outside of this District; State if other than California; or Foreign Country, in which EACH named plaintiff resides.
☐ Check here if the government, its agencies or employees is a named plaintiff. If this box is checked, go to item (b).

| County in this District:* | California County outside of this District; State, if other than California; or Foreign Country |
|---|---|
| Los Angeles County | N/A |

(b) List the County in this District; California County outside of this District; State if other than California; or Foreign Country, in which EACH named defendant resides.
☐ Check here if the government, its agencies or employees is a named defendant. If this box is checked, go to item (c).

| County in this District:* | California County outside of this District; State, if other than California; or Foreign Country |
|---|---|
| Los Angeles County | N/A |

(c) List the County in this District; California County outside of this District; State if other than California; or Foreign Country, in which EACH claim arose.
**Note: In land condemnation cases, use the location of the tract of land involved.**

| County in this District:* | California County outside of this District; State, if other than California; or Foreign Country |
|---|---|
| Los Angeles County | N/A |

* **Los Angeles, Orange, San Bernardino, Riverside, Ventura, Santa Barbara, or San Luis Obispo Counties**
Note: In land condemnation cases, use the location of the tract of land involved

**X. SIGNATURE OF ATTORNEY (OR PRO PER):** *Michelle Ugeta*   Date December 01, 2010

Notice to Counsel/Parties: The CV-71 (JS-44) Civil Cover Sheet and the information contained herein neither replace nor supplement the filing and service of pleadings or other papers as required by law. This form, approved by the Judicial Conference of the United States in September 1974, is required pursuant to Local Rule 3-1 is not filed but is used by the Clerk of the Court for the purpose of statistics, venue and initiating the civil docket sheet. (For more detailed instructions, see separate instructions sheet.)

Key to Statistical codes relating to Social Security Cases:

| Nature of Suit Code | Abbreviation | Substantive Statement of Cause of Action |
|---|---|---|
| 861 | HIA | All claims for health insurance benefits (Medicare) under Title 18, Part A, of the Social Security Act, as amended. Also, include claims by hospitals, skilled nursing facilities, etc., for certification as providers of services under the program. (42 U.S.C. 1935FF(b)) |
| 862 | BL | All claims for "Black Lung" benefits under Title 4, Part B, of the Federal Coal Mine Health and Safety Act of 1969. (30 U.S.C. 923) |
| 863 | DIWC | All claims filed by insured workers for disability insurance benefits under Title 2 of the Social Security Act, as amended; plus all claims filed for child's insurance benefits based on disability. (42 U.S.C. 405(g)) |
| 863 | DIWW | All claims filed for widows or widowers insurance benefits based on disability under Title 2 of the Social Security Act, as amended. (42 U.S.C. 405(g)) |
| 864 | SSID | All claims for supplemental security income payments based upon disability filed under Title 16 of the Social Security Act, as amended. |
| 865 | RSI | All claims for retirement (old age) and survivors benefits under Title 2 of the Social Security Act, as amended. (42 U.S.C. (g)) |